UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DALE RAY NICKERSON,

        Plaintiffs,        1:15-cv-00684-CL

        v.        FINDINGS AND RECOMMENDATION

ATTORNEY GENERAL ELLEN ROSENBLUM, et al.,

        Defendants.

CLARKE, Magistrate Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by defendants' alleged "conspiracy and fraud within the post conviction court to obtain a result in the states favor to deny petitioner relief." Plaintiff seek's $250 million in damages.

1 - FINDINGS AND RECOMMENDATION

In an Order (#5) entered April 24, 2015, plaintiff was advised that his complaint is properly construed as a petition for habeas corpus under 28 U.S.C. § 2254.

Plaintiff was allowed 30 days to file an amended pleading on a form provided by the court and advised that failure to do so would result in the dismissal of this action. Plaintiff was provided with the appropriate form.

On June 29, 2015, plaintiff filed an amended complaint (#16) that is not consistent with the courts order. Specifically, the claims are not filed on the form provided by the court and are basically a re-hash of the civil rights claims alleged in plaintiff's previous complaint. For the reasons previously explained to plaintiff, plaintiff's allegations are properly construed as a claim for habeas corpus relief.

Specifically, habeas corpus is the exclusive remedy when a plaintiff seeks to challenge the fact or duration of confinement or seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state remedies requirement. Heck v. Humphrey, 512 U.S. 477 (1994).

In this case, plaintiff alleges that he is "bringing this suit not as the initial illegal imprisonment (sic), but that the defendants conspired to deny the plaintiff of a fair and just post conviction hearing ... [which] caused additional confinement and the continued loss of life and liberty." Complaint (#2), p. 8. The "distinction" plaintiff apparently attempts to make is immaterial. His claim is in essence that defendants' alleged conspiracy and false testimony resulted in his continued confinement. Therefore, a judgment in his favor would arguably entitled plaintiff to be release and the allegations are therefore properly construed as a habeas claim.

The fact that plaintiff seeks money damages as a remedy does not preclude treatment of his complaint as a petition for habeas corpus relief. The collateral effects of a finding that a prisoner's incarceration is illegal are substantially the same whether the complaint is styles as one for money damages or one for injunctive relief. *Id*.

Under the circumstances alleged in plaintiff's complaint, a judgment in favor of plaintiff would necessarily imply the invalidity of plaintiff's confinement and arguably entitle plaintiff to release. Plaintiff has not alleged or established that he has exhausted state remedies as required by 28 U.S. C. § 2254. Rose v. Lundy, 455 U.S. 509 (1982).

3 - FINDINGS AND RECOMMENDATION

In addition, in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, supra. In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

In addition, I note for the record, under well settled principles of law:

Defendant Rein is absolutely immune from liability to plaintiff;

Defendants Rosenblum and Evans are not subject to *res pondeat superior* liability;

Defendant Orf is not a state actor or act under the color of state law for purposes of liability under §1983; and

Defendants Harris and Brown are immune from liability under witness immunity.

4 - FINDINGS AND RECOMMENDATION

For all of these reasons, this action should be dismissed. Plaintiff's Application to proceed *in forma pauperis* (#17) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.**

5 - FINDINGS AND RECOMMENDATION

DATED this __1__ day of July, 2015.

_____
Mark D. Clarke
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION